# United States Court of Appeals
## For the First Circuit

No. 04-1030

UNITED STATES,

Appellee,

v.

FELIX R. MENDOZA-BENITEZ,

Defendant, Appellant.

Before

Boudin, Chief Judge,
Lynch and Lipez, Circuit Judges.

**JUDGMENT**
Entered: June 1, 2005

After a thorough review of the record and of the parties' submissions, we vacate the sentence and remand for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005).* The government notes that the lower court imposed sentence pursuant to a procedure that was used for nearly two decades and which had been

---

*In an opening brief, appellant also argued that his offense level should not have been enhanced in the absence of a jury finding or an admission by appellant regarding the amount of the loss. See Blakely v. Washington, 124 S. Ct. 2531 (2004). This argument is abrogated by Booker. See Antonakopoulos, 399 F.3d at 74 ("The error is not that a judge (by a preponderance of the evidence) determined facts under the Guidelines which increased a sentence beyond that authorized by the jury verdict or an admission by the defendant; the error is only that the judge did so in a mandatory Guidelines system.").

approved universally by the judiciary. While this is relevant in determining whether we should correct a plain error, it does not alone mandate affirmance. Other factors may affect the fairness, integrity or public reputation of the judicial proceedings. See United States v. Olano, 507 U.S. 725, 736 (1993). We previously have found that in determining whether the so-called "third and fourth prongs" of Olano have been met, "our principal concern in these Booker 'pipeline' cases is with the likelihood that the defendant would have received a lesser sentence in a post-Booker regime of advisory guidelines." United States v. Heldeman, 402 F.3d 220, 223-24 (1st Cir. 2005). We conclude that the record here indicates that the appellant has demonstrated a reasonable likelihood of a lesser sentence under advisory guidelines.

The defendant's conviction is affirmed, his sentence is vacated, and the case is remanded for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005). We intimate no view as to whether the same or a different sentence should be imposed on remand or on the appropriateness of any revised sentence.

Vacated and remanded. See 1st Cir. R. 27(c).

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY OF
THE ORIGINAL ON FILE IN MY OFFICE
AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: _____ Date: 6/1/05

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER
By: _____
Chief Deputy Clerk.

[Certified Copies: Hon. Carmen C. Cerezo and Ms. Frances Rios de Moran, Clerk of the United States District Court of Puerto Rico]

[cc: Desiree Laborde San Fiorenzo, AUSA, Jose Ruiz Santiago, AUSA
    Nelson J. Perez-Sosa, AUSA, Michael A. Rotker, Esq.,
        Luis R. Rivera-Rodriguez, Esq.]